IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NATHAN L. WHITLOW,

　　Plaintiff,

v.　　　　　　　　　　　　　　　CASE NO. 3:18-cv-1730-MCR-GRJ

MONICA GORDO, et al.,

　　Defendants.

_____/

**REPORT AND RECOMMENDATION**

　　Pending before the Court is Plaintiff's *pro se* "Complaint and Request for Injunction." ECF No.1. From a review of the Complaint, it is evident that the Court lacks subject-matter jurisdiction over the claims. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, if the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED**.

　　　　　　　　　　　　**I.　Background**

　　Plaintiff seeks this Court's intervention in a child-custody dispute initiated by his child's mother in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Family Division). Plaintiff

1

names as Defendants Eleventh Judicial Circuit Court Judge Monica Gordo, the judge presiding over the custody dispute, and Miosotis Mingeli, the mother of Plaintiff's daughter. ECF No. 1 at 2. It appears from Plaintiff's submissions that Mingeli filed a lawsuit in the Eleventh Judicial Circuit Court on January 8, 2018, seeking to modify the child-custody arrangement as to allow their daughter to reside with Mingeli. ECF No. 1-1 at 17-19.

In the instant federal lawsuit, Plaintiff complains of various actions by Judge Gordo in the state-court proceeding. ECF No. 1 at 5. He alleges Judge Gordo refused to accept evidence he proffered to disprove the contention that his daughter was conceived out of wedlock. *Id.* He alleges Judge Gordo was biased in favor of Mingeli and has refused to recuse herself from the case. *Id.* Plaintiff further asserts Judge Gordo's ruling requiring Plaintiff, a disabled veteran, to appear in Miami for mediation violated his rights under the Americans with Disabilities Act and that the ruling was motivated by Judge Gordo's "financial ties" with the mediator. *Id.* According to Plaintiff, Judge Gordo's mediation order violates "Rico Act VB102," and her failure to address "deception in the summons" violates 28 U.S.C. § 455 and constitutes fraud on the court. *Id.* Finally, Plaintiff alleges Judge Gordo continues to preside over the family-court proceedings despite lacking subject-matter jurisdiction. *Id.*

Plaintiff asserts the extent of his injury is not known at this time, but he appears to seek $58,773 in medical reimbursement for cardiovascular problems exacerbated by the stress of the state-court proceedings. *Id.* It also appears that Plaintiff intended to request injunctive and/or declaratory relief from Judge Gordo's orders but stopped short of articulating this request in the "Relief" section of his Complaint. *Id.*

## II.   Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

In federal court, subject-matter jurisdiction can be found under either federal-question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. United States district courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the

Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) (citation omitted).

Plaintiff asserts federal-question jurisdiction based on his marriage to, and divorce from, Mingeli, a citizen of the Dutch Antilles. ECF No. 1 at 3. This alone does not establish federal-question jurisdiction. Plaintiff's passing references to various federal statutes also do not confer jurisdiction on this Court. At its heart, this lawsuit challenges various rulings issued by a state-court judge in Plaintiff's child-custody proceeding. This case does not present a federal question, and this Court lacks subject-matter jurisdiction over Plaintiff's claims.

Further, the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine bar this Court from hearing Plaintiff's claims. It is not clear from Plaintiff's Complaint and the attachments thereto whether or not the state-court proceedings were pending at the time Plaintiff filed this lawsuit in federal court on August 13, 2018. To the extent the state-court proceedings were indeed pending at the time Plaintiff filed the instant lawsuit, his cause of action is subject to dismissal pursuant to the *Younger* abstention doctrine.

This doctrine, announced in *Younger v. Harris*, 401 U.S. 37 (1971), "espous[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Id.* at 432 (citations omitted).

In determining whether it must abstain from exercising jurisdiction under *Younger*, a court must consider three factors: (1) whether there is an ongoing state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity to raise constitutional challenges in the state proceeding. *Id.*

In this case, all three of the *Younger* factors require the Court to abstain from exercising jurisdiction over Plaintiff's claims. In liberally construing the Complaint as to allege that a state-court action was pending at the time Plaintiff filed suit in this court, the first factor is satisfied. *See Liedel v. Juvenile Court of Madison Cty.*, 891 F.2d 1542, 1546 n. 6 (11th Cir. 1990) ("The date of filing of the federal complaint is the relevant date for purposes of determining *Younger*'s applicability."). As for the second factor, there is no doubt that matters involving domestic relations and child

5

custody implicate important state interests. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."). Finally, the third factor is met because Plaintiff does not allege, nor do the facts suggest, that he was procedurally barred from raising any federal claims in the state courts.

Thus, to the extent the state-court action was pending at the time Plaintiff filed suit in this Court, this Court must abstain from exercising its jurisdiction to interfere with an ongoing state-court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003).

Alternatively, insofar as Plaintiff challenges a final judgment in the child-custody case rendered before the district-court proceedings commenced, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

The *Rooker–Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack subject-matter jurisdiction to review final judgments of state courts. *Liedel*, 891 F.2d at 1545. Furthermore, federal courts "may not decide federal issues that are 'inextricably intertwined' with a state court's judgment." *Id. Rooker-Feldman* prohibits federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting

district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Eleventh Circuit Court of Appeals has applied *Rooker–Feldman* specifically to bar district courts from reviewing judgments in child-custody proceedings. *See Goodman v. Sipos*, 259 F.3d 1327, 1332-33 (11th Cir. 2001) (noting that *Rooker–Feldman* clearly applied where injunction of state child-custody actions was sought and also where damages were sought for matters intertwined with state court custody actions). Thus, to the extent Plaintiff challenges a final state-court judgment, this Court lacks subject-matter jurisdiction over his claims.

### III. Judicial Immunity

As a final matter, to the extent Plaintiff seeks monetary or injunctive relief from Judge Gordo for actions taken during his family-court proceeding, such claims are due to be dismissed. Judges are entitled to absolute immunity from suit arising from acts taken in their judicial capacity "unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation marks and citations omitted). A judge acts in the "clear absence of all jurisdiction" when the matter on which he acts is clearly outside the subject-matter jurisdiction of

7

the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 947-48 (11th Cir. 1985).

Whether a judge acted in his judicial capacity depends on: (1) whether the challenged actions constituted normal judicial functions; (2) whether the events occurred in chambers or open court; (3) whether the controversy involved a pending case; and (4) whether the confrontation arose immediately out of a visit to the judge or in his judicial capacity. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Absolute immunity applies even when a judge's acts are erroneous or malicious and protects judges from suits for money damages as well as injunctive relief, except where "a declaratory decree was violated or declaratory relief was unavailable." *Bolin*, 225 F.3d at 1242 (internal quotation marks omitted).

Plaintiff merely complains of actions taken by Judge Gordo in her judicial capacity, and there are no facts suggesting Judge Gordo acted "in the clear absence of all jurisdiction" to warrant an exception to the judicial immunity doctrine. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Based on the foregoing, even if Plaintiff could establish subject-matter jurisdiction, his claims against Judge Gordo are due to be dismissed for seeking monetary and injunctive relief from a defendant who is immune from suit.

Because the flaws in Plaintiff's Complaint are numerous and fundamental, the Court concludes that granting Plaintiff a further opportunity to amend would be futile and would simply be a further waste of scarce and valuable judicial resources.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED**, *sua sponte*, by the Court for lack of subject-matter jurisdiction, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, and for seeking relief from an individual who is immune from suit. It is further recommended that all pending motions should be terminated and the clerk should be directed to close the file.

**IN CHAMBERS** at Gainesville, Florida, this 24th day of August 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.